UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04300-BFM          **Date:**  August 7, 2026

**Title:**      *Mirza Nicole Maltez Reyes v. James Janecka, et al.*

=====================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

Christianna Howard                             N/A
Deputy Clerk                          Court Reporter / Recorder

Attorneys Present for Petitioner        Attorneys Present for Respondent
N/A                                        N/A

**Proceedings:     (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Mirza Nicole Maltez Reyes filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 30, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I.    Factual Background

Petitioner is a noncitizen from Nicaragua who is currently detained at the Adelanto ICE Processing Center, within the Central District of California. (Pet. ¶¶ 1, 17.) She entered the United States in December 2022, and surrendered to immigration authorities immediately after entry. (Pet. ¶ 9, 17.) She was released from custody days later with instructions for future proceedings. (Pet. ¶ 17.)

After being released from custody, Petitioner resided in California and filed an affirmative application for asylum, which remains pending. (Pet. ¶ 18.) She has no criminal convictions, prior removal orders, or pending criminal proceedings. Still, she was detained at a check-in on July 9, 2026, without prior notice or a hearing. (Pet. ¶¶ 19-20.) A week and a half later, Petitioner was again released on her own recognizance on July 21, 2026, and told to report to the ICE Los Angeles office on July 28, 2026. (Pet. ¶¶ 20-21; *see also* ECF 1-1 at

Page 1 of 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04300-BFM                    **Date:**  August 7, 2026

**Title:**        *Mirza Nicole Maltez Reyes v. James Janecka, et al.*

=====================================================================

3.) When Petitioner appeared for her check-in on that date, she was informed that her release "had been an error" and she was re-arrested. (Pet. ¶¶ 24-26.) Respondents did not provide any reason for revoking Petitioner's release order. (Pet. ¶¶ 24, 34.)

Petitioner filed this Petition, alleging that her re-detention after release on parole violated due process. (Pet. ¶¶ 6, 31.) She asked for an order re-releasing her on the terms previously set, along with other relief. (Pet. at 9-10.) Respondents indicate that they "are not presenting an opposition at this time" (ECF 11 ("Answer") at 2.) Based on Respondents' response, the Court declines to hold the Petition waiting for Petitioner's reply, and instead deems the Petition fully briefed and ready for decision.

## II.    Analysis

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Just last term, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04300-BFM                    **Date:**  August 7, 2026

**Title:**       *Mirza Nicole Maltez Reyes v. James Janecka, et al.*

=====================================================================

Here, Petitioner argued in Claim One that the failure of process surrounding her re-detention warranted outright release. (Pet. ¶¶ 31-32 and at 9.) Her argument is one that has been accepted by numerous courts in this Circuit, including this one. *See Zarief Kamel v. Santacruz*, No. 5:26-cv-03481-BFM, 2026 WL 1965112, at *1 (C.D. Cal. July 2, 2026).

Though Petitioner made an argument for release, Respondents did not respond to it, not even in summary form. (Answer at 2.) Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject her claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that her claim that her detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where, like here, the respondent did not oppose granting a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04300-BFM                    **Date:**  August 7, 2026

**Title:**        *Mirza Nicole Maltez Reyes v. James Janecka, et al.*

=====================================================================

bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court orders that the Petition be granted, and that Petitioner be ordered released.

## III.   Conclusion

Accordingly, Claim One in the Petition (ECF 1) is **granted**. Petitioner Mirza Nicole Maltez Reyes (A# 246-339-016) shall be immediately released on the conditions previously imposed. Any property confiscated during her arrest shall be returned to her. The remaining Claims in the Petition are denied as moot in light of the relief granted on Claim One.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of her release from custody; if release is delayed for any reason, counsel shall promptly notify the Court. Upon receipt of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04300-BFM                    **Date:**  August 7, 2026

**Title:**      *Mirza Nicole Maltez Reyes v. James Janecka, et al.*

=====================================================================

confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

The Court declines to enter the specific future injunctive relief sought (Pet. at 9-10); the process provided in this case is inadequate but the Court is not inclined to dictate the procedure that would comply with due process with the level of specificity requested.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:      ch